No. ——

First Circuit

---

**AUBERT**

v.

**THIBODEAUX BENEVOLENT ASSN.**

---

(June 7, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Associations—Par. 3, 4, 21. Insurance—Par. 72.

Representations in an application for membership in a benevolent association that one is a white person when he is colored and that his daughter be made beneficiary when she is merely adopted without judicial sanction are sufficient misrepresentations to void the beneficiary certificate and cancel the membership.

Appeal from the Parish of Lafourche. Hon. R. B. Butler, Judge.

Action by Ida Aubert against Thibodeaux Benevolent Association.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Harris Gagne, of Houma, attorney for plaintiff, appellant.

Howell, Wortham & Howell, of Thibodeaux, attorneys for defendant, appellee.

LECHE, J. Defendant, as its name indicates is an incorporated benevolent association domiciled in the Parish of Lafourche. Its purpose is to furnish pecuniary protection "to the loved ones" of its members after the death of such members, and with that object in view, it issues benefit certificates in the sum of one thousand dollars.

The present suit is upon a check for one thousand dollars issued in payment of a benefit certificate, payment of which was, upon instructions of the association, withheld by the bank, upon which it was drawn.

Defendant association is composed entirely of white persons of the Caucasian race, while plaintiff, beneficiary, as well as her late benefactor, are admittedly of the negro race. That fact was only discovered by the defendant association after the check in payment of the benefit certificate had been issued, and that is why its payment was stopped.

The benefit certificate was issued to one Scott Brooks, who was admitted a member of the association in November, 1923, and who· designated plaintiff, said by him to be his daughter, as beneficiary. In his application for membership, Brooks declared as follows: "I am a white person of. good moral character, etc.", and he expressly named Ida Aubert, whom he represented to be his daughter, as beneficiary. This declaration was admitted by plaintiff, as a witness, to be false, and plaintiff further admitted that she was not really the daughter of Brooks, but his daughter adopted without judicial or written contractual sanction.

The legal question involved is whether these misrepresentations are sufficient to void the benefit certificate. Tó any tribunal of justice familiar with social conditions and the customs of the white people in the Southern States of this country, there can be no doubt that this is sufficient cause to vitiate the contract. If Brooks had declared in his application for membership that he was of the colored or negro race it is equally certain that he never would have been admitted to membership in defendant association.

The trial judge so found and his judgment is affirmed.